HENRY W. ROOD v. ERASMUS W. WINSLOW, JOHN F. PORTER, AND JOSEPH G. AMES.

Where A. was pardoned, on condition he should secure the payment of a fine of $1,000 to the county, and the county commissioners took a mortgage to themselves instead of the county, the mortgage was held to be good, and the commissioners were declared trustees for the county, the law implying a trust from the nature of the transaction.

Where, in a conditional pardon, the person pardoned was ordered to secure the payment of $1,000 to the county, and the county commissioners obtained a mortgage for $1,150, the mortgage was held good for the $1,000, and void as to the residue.

BILL to restrain a statutory foreclosure, and have the mortgage given up and cancelled.

At the November term of the Circuit Court, for the county of Berrien, for 1838, one Shurte was convicted on three several indictments for larceny, and sentenced, on

two of them, to pay a fine of $500 each, and the costs of prosecution, and on the other to a year's imprisonment and costs.   February 9th, 1839, Shurte was pardoned on condition that he should secure to the county the fine of $1,000.   The pardon made no mention of the costs, but required him to be set at liberty, " on securing the payment of the $1,000."   Shurte and wife, on the 18th day of May, 1839, executed a mortgage to the defendants, "Erasmus Winslow, John F. Porter, and Joseph G. Ames, and their successors in office, commissioners of the county of Berrien aforesaid, of the second part," for the payment of $1,150 and interest, on the 8th day of November following;—the $150 being added for the costs of the three prosecutions.   The common blank form was used, in drawing up the mortgage, which did not refer to the official capacity of the defendants, except as above stated.   December 16th, 1839, Shurte and wife conveyed the premises to Herman Rood, who, January 24th, 1840, conveyed to complainant.   Both conveyances contained covenants of seisin and warranty, and neither made mention of the mortgage ; and the deeds and mortgages were recorded in the order in which they were executed.   The money not being paid at the time, defendant proceeded to foreclose the mortgage by advertisement and sale under the statute, when complainant filed his bill to have the mortgage delivered up and cancelled, and obtained an injunction to restrain the sale.

*C. Dana,* for complainant.

*J. S. Chipman,* for defendants.

THE CHANCELLOR.   It is insisted that the mortgage should have been taken in the name of the county, and not in the name of the defendants, as commissioners, and

that it is therefore void. The first part of the proposition is therefore true, but the conclusion drawn from it, is erroneous. Every organized county is a body politic and corporate, and, in its corporate capacity, may sue and be sued ; purchase and hold land and personal estate, for the use of the county; borrow money, for the purpose of erecting and repairing county buildings, building bridges, and completing and repairing roads, as provided by law ; and may make all necessary contracts, and do all other necessary acts in relation to the property and concerns of the county. *R. S.* 33, § 3. The commissioners of each county, by the law creating the office, which law is now repealed, were constituted a board for the transaction of county business. *R. S.* 39. All official business done by them should have been done in the name of the county, and not in their individual names. They were the servants or agents of the body politic, and their acts were its acts. The mortgage, therefore, should have been taken in the name of the county; but it is not void for the reason it was not so taken. In *Jackson* v. *Carey*, 8 *J. R.* 385, the deed was void for the want of a grantee capable of taking under the grant. The deed was made to "the people of the county of Otsego," who were not a corporation, and the Court in the case, say : " A grant, to be valid, must be to a corporation, or some person certain must be named, who can take by force of the grant, and who can hold, either in his own right or as a trustee." This was also the case in *Hornbeck* v. *Westbrook*, 9 *J. R.* 73. In the present case, there are no less than three grantees named in the mortgage, each of whom is capable of taking under the grant. It is not necessary to decide what effect, (if any) the words, " and their successors in office, commissioners of the county of Berrien," have upon the grant; whether they are to be regarded as descriptive

Rood *v.* Winslow.

of the persons of the grantees only, or as indicative of the interest they were to take, and creating them trustees for the county.    That they are such trustees, there is no doubt. They admit it in their answer; and, without such admission, the law would imply a trust from the facts in the case, they having, as agents of the county, taken a security in their own names, which they should have taken in the name of the county.

The mortgage should have been for the $1,000 only. The pardon did not require the costs to be paid by Shurte. Defendants were therefore wrong in requiring him to give security for them; and to that extent, the mortgage is void. They were not intended as a gratuity to the county, but exacted as a right, under the pardon, and consented to by Shurte to obtain his liberty; and complainant, having succeeded to the rights of Shurte in the mortgaged premises, is entitled to have them deducted from the mortgage.

The mortgage must be declared good for the $1,000, and void for all over that amount; and complainant must pay the $1,000 with interest, from the date of the mortgage, and defendants' costs, in six months.    In default thereof, the bill must be dismissed with costs.